(*) BUCK *versus* BABCOCK.

A deed of land, though unrecorded, conveys title as against the grantor and his heirs.

Prior to the Revised Statutes, a disseizee of land could make no valid conveyance.

To a deed made prior to the Revised Statutes by a disseizee, these statutes imparted no new efficiency.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.
WRIT OF ENTRY.

Jacob G. Remick formerly owned the land. On Feb'y 11, 1836, he conveyed it to the demandant by a deed, which, though not acknowledged, was spread upon the record Feb'y 13, 1836.

Proof of the deed was made before this Court at Nov. term, 1852, in Cumberland, by one of the subscribing witnesses, in manner provided in c. 91, § 18, and following sections of the Revised Statutes, Remick not being an inhabitant or resident in this State. A certificate of that proof was indorsed by the clerk of the Court, under the seal of the Court, upon the deed, and the deed and certificate were then recorded, Jan'y 6, 1853.

On April 30, 1836, Remick, by deed, dated and acknowledged and recorded on that day, conveyed to Luce. Under this deed to Luce, the tenant, through mesne conveyances, derived

title by deed dated and recorded in 1841. To the admission of these deeds, the demandant objected, especially the one to the tenant's immediate grantor, which was dated in 1853, since the commencement of this suit.

Remick left the State in 1838, and has not returned. The demandant introduced Nathan Emerson, who testified, that about the middle of Feb'y, 1836, while he, the witness, was living on the land, the demandant went to the land, and informed the witness that he had purchased it; and examined the boundaries; and also, that it was agreed that the witness should remain on the land, till notified to remove, and should protect it from plunderers and pay the taxes, taking wood for fires but for nothing else; and that, in accordance with that agreement, he had ever since remained on the land, claiming no title to it.

He further testified, that the tenant, in 1841, went into possession and cut off timber and wood, the witness forbidding him to do so; and that the tenant has since cut and carried away large quantities of the growth.

The tenant also relied upon a tax title.

The case was withdrawn from the jury and submitted to the Court.

*A. W. Paine,* for the demandant.

*J. Godfrey,* for the tenant.

The demandant is to recover upon the strength of his own title, if at all. The deed he claims under was not acknowledged. Its registry was therefore wrongful and inoperative.

The 18th § of R. S., c. 91, relied on by the demandant's counsel, gives him no relief. For Remick did not leave the State till two years after giving the demandant's deed; and before his conveyance to Luce, the forty days monition had expired. *Pidge* v. *Tyler,* 4 Mass. 541; *DeWitt* v. *Moulton,* 17 Maine, 418; *Sigourney* v. *Larned,* 10 Pick. 72; *Blood* v. *Blood,* 23 Pick. 80; *Roberts* v. *Bourne,* 23 Maine, 165; *Veazie* v. *Parker,* 23 Maine, 170.

The counsel seems to rely upon a constructive notice to the tenant of a prior sale, resulting from the supposed arrangement

between the demandant and Emerson. Emerson, however, held no possession; he was employed merely to pay the taxes.

But implied or constructive notice of a prior deed is insufficient. R. S., c. 91, § 26, requires *actual* notice. *Spofford* v. *Weston*, 29 Maine, 140; *Butler* v. *Stevens*, 26 Maine, 484.

HATHAWAY, J. — Jacob G. Remick was the owner of the land in controversy, and both parties claim title under him; the demandant, by Remick's deed to him, February 11, 1836, not acknowledged, the execution of which was not proved, nor the deed recorded, till January 6, 1853.

The demandant took immediate possession under his deed, and retained it by his tenant, Nathan Emerson.

The tenant claims title by deed from Remick to George W. Luce, dated April 30, 1836, and sundry mesne conveyances to David Messman, who was the tenant's immediate grantor. Remick's deed to the demandant, though not acknowledged or recorded, was valid against the grantor and his heirs. *Lawry* v. *Williams*, 13 Maine, 281.

The case finds that, at the date of Remick's deed to Luce, the demandant, by his tenant, was in the exclusive possession of the demanded premises, claiming title. Remick was therefore disseized when he made the deed to Luce, and as the law then was, nothing passed by it, and all the subsequent deeds, under which the tenant claims title, resting upon that deed as their foundation, were inoperative.

The defendant was a mere trespasser, and his deed cannot avail him. *Hathorne* v. *Haines*, 1 Greenl. 238.

The tenant also relies upon a tax title derived from Nahum Emery, August 31, 1844, but the case does not present such evidence as the law requires to establish the validity of a tax title. 27 Maine, 289; 30 Maine, 319; *Matthews* v. *Light*, 32 Maine, 305.

Tenant defaulted, judgment for demandant for possession, and his damages to be assessed as agreed.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.